**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY HOOKS, | No. 15-16764 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00682-RCJ-WGC |
| v. | |
| BRUCE R. BANNISTER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 11, 2017[**]

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Nevada state prisoner Jerry Hooks appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs and retaliation for filing grievances. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Toguchi v. Chung*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Hooks's deliberate indifference claim against defendants Koehn and Smith because Hooks failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to Hooks's medication needs. *See id.* at 1057-60 ("A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health"; neither a difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hooks's retaliation claims against defendant Koehn because Hooks failed to raise a genuine dispute of material fact as to whether Koehn took any adverse action against Hooks. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting forth the elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by dismissing Hooks's claims against defendant Byrne for failure to effectuate service of process because Hooks did not file a proof of service, despite being warned of the consequences of failing to doing so. *See* Fed. R. Civ. P. 4(m) (imposing 90-day time limit to effect service absent showing of good cause).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

Hooks's requests for judicial notice (Docket Entry Nos. 14 and 28) and petition for mandate relief (Docket Entry No. 48) are denied.

**AFFIRMED.**